UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
**(Alexandria Division)**

```
-------------------------------------------------------------X
In re:                                              :       Chapter 11
                                                    :
Darrall A. Griffin                                  :       Case No.  16-13433-BFK
                                                    :
          Debtor.                                   :
                                                    :
-------------------------------------------------------------X
```

### MOTION TO APPROVE LOAN MODIFICATION AGREEMENT

Debtor, through counsel, moves for approval of the Loan Modification Agreement attached as Exhibit A.  In support hereof, Debtor states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1334 and 157. This is a core proceeding.

2. A modification acceptable to Debtor has been agreed to by the current holder/serviver of the secured mortgage claim on Debtor's residence, Rushmore Loan Management Servives, LLC.

3. The terms, in summary, are:

A. The principal amount of the loan before modification: $947,859.24

B. The principal amount of the loan immediately after modification: $1,036,153.12 ($885,000 is interest bearing and amortized, remainder deferred.  50% of deferred principal subject to forgiveness).

Daniel M. Press, VSB# 37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
Counsel for Debtors

C. The interest rate applicable to the loan before modification: 6%

D. The interest rate applicable to the loan immediately after modification: 5.5%

E. The term or maturity date of the loan before modification: 7/1/2052

F. The term or maturity date of the loan immediately after modification: 6/1/2047

G. The monthly payment on the loan before modification, indicating whether that amount includes payments for any items other than principal and interest: $4696.76, including $3,851.50 principal and interest, and $845.26 tax and insurance escrow

H. The monthly payment on the loan immediately after modification, indicating whether that amount includes payments for any items other than principal and interest: $5477.82, including $4567.15 principal and interest, and $910.67 tax and insurance escrow.

I. Whether the modified loan includes any future payment changes or balloon payments and, if so, the terms of such future payment changes or balloon payments: Yes: escrow adjustments, and balloon – loan amortized over 40 years, but matures in 30; plus deferred principal due at maturity.

4. The modification will not prejudice any creditor in any way.

WHEREFORE, Debtor respectfully request that the Loan Modification Agreement be approved.

Dated: January 15, 2018.

Respectfully submitted,

      /s/ Daniel M. Press
Daniel M. Press, VSB# 37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
Counsel for Debtor

## CERTIFICATE OF SERVICE

    This is to certify that on the 15th day of January, 2018, I caused the foregoing Motion to be served by CM/ECF, where available, or first-class mail, postage pre-paid, upon all creditors listed on the List of Creditors and the U.S. Trustee.

      /s/ Daniel M. Press
Daniel M. Press

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0422-1<br>Case 16-13433-BFK<br>Eastern District of Virginia<br>Alexandria<br>Mon Jan 15 16:20:39 EST 2018 | Capital One Bank (USA), N.A. by American Inf<br>PO Box 71083<br>Charlotte, NC 28272-1083 | PROF-2013-M4 Legal Title Trust, by U.S. Bank<br>939 W. North Avenue<br>Suite 680<br>Chicago, IL 60642-1231 |
| Pra Receivables Management, Llc As Agent Of<br>POB 41067<br>Norfolk, Va 23541-1067 | United States Bankruptcy Court<br>200 South Washington Street<br>Alexandria, VA 22314-5405 | Aldridge Pite LLP<br>c/o Gilbert Yabes<br>4375 Jutland Drive, Suite 200<br>PO Box 17933<br>San Diego CA 92177-7921 |
| (p)AMERICAN HONDA FINANCE<br>P O BOX 168088<br>IRVING TX 75016-8088 | Ashley Funding<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Ashley Funding Services, LLC its successors<br>assigns as assignee of Laboratory<br>Corporation of America Holdings<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Bank of America<br>PO Box 26012<br>Greensboro, NC 27420-6012 | Capital One<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 |
| Fairfax County Tax Administrat<br>12000 Government Center Pkwy<br>Suite 223<br>Fairfax, VA 22035-0076 | Fay Servicing<br>PO Box 220720<br>Chicago, IL 60622-0720 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Jemeire Talley<br>5672 Tower Hill Circle<br>Alexandria, VA 22315-5590 | Kingstowne Residential Owners<br>C/O Rees Broome<br>1900 Gallows Rd Ste 700<br>Tysons Corner, VA 22182-4098 | Kristin Lough<br>3717 Gunston Road<br>Alexandria VA 22302-2009 |
| Navy Federal Credit Union<br>P.O. Box 3000<br>Merrifield, VA 22119-3000 | PROF-2013-M4 Legal Title Trust<br>Fay Servicing<br>939 W. North Avenue, Suite 680<br>Chicago, IL 60642-1231 | PROF-2013-M4 Legal Title Trust<br>c/o Aldridge Pite, LLP<br>4375 Jutland Drive, Suite 200<br>San Diego, CA 92117-3600 |
| (p)PENTAGON FEDERAL CREDIT UNION<br>ATTN BANKRUPTCY DEPARTMENT<br>P O BOX 1432<br>ALEXANDRIA VA 22313-1432 | Rushmore Loan Management Serv<br>PO Box 55004<br>Irvine, CA 92619-5004 | Rushmore Loan Management Services, LLC<br>P.O. Box 55004<br>Irvine, CA 92619-5004 |
| Samuel I White PC<br>5040 Corporate Woods Dr<br>Virginia Beach, VA 23462-4377 | Samuel I. White, P.C.<br>1804 Staples Mill Road<br>Suite 200<br>Richmond, VA 23230-3530 | Synchrony Bank<br>c/o of PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Virginia Department of Taxatio<br>PO Box 2156<br>Richmond, VA 23218-2156 | Wilmington Savings Fund Societ<br>Christiana Trust<br>500 Delaware Avenue<br>Wilmington, DE 19801-7405 | Daniel M. Press<br>Chung & Press, P.C.<br>6718 Whittier Ave., Suite 200<br>McLean, VA 22101-4531 |

Darrall A Griffin
5672 Tower Hill Circle
Alexandria, VA 22315-5590

Judy A. Robbins
Office of the U.S. Trustee - Region 4
115 South Union Street, Room 210
Alexandria, VA 22314-3361

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Honda Finance
PO Box 168088
Irving, TX 75016-0000

(d)American Honda Finance Corporation
National Bankruptcy Center
P.O. Box 168088
Irving, TX 75016-8088
866-716-6441

Pentagon Federal Credit Union
PO Box 1432
Alexandria, VA 22313-1432

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)FAY SERVICING, LLC

(u)Wilmington Savings Fund Society, FSB, d/b/

(du)Fay Servicing, LLC

End of Label Matrix
Mailable recipients    31
Bypassed recipients     3
Total                  34

After Recording Return To:
**Rushmore Loan Management Services LLC**
**15480 Laguna Canyon Road**
**Irvine, California 92618**


**This Document Prepared By:**
**PAUL TRINH**
**Rushmore Loan Management Services LLC**
**15480 Laguna Canyon Road**
**Irvine, California 92618**

**Parcel ID Number:**
_____ [Space Above This Line For Recording Data] _____
Certified Original Loan Amount: **$915,000.00**                          Loan No: ▇▇▇▇**1393**

# LOAN MODIFICATION AGREEMENT
### Tax Exempt per Virginia State Code 58.1-809

This Loan Modification Agreement ("Agreement"), made this **18th** day of **July, 2017**, between **DARRALL A GRIFFIN** ("Borrower") and **Owner, by and through Rushmore Loan Management Services LLC, as current servicer and agent, whose address is 15480 Laguna Canyon Road, Irvine, California 92618** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **September 25, 2006** and recorded in Book/Liber **18796**, Page **0023**, of the Official Records of **FAIRFAX County, VA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**5672 TOWER HILL CIRCLE, ALEXANDRIA, VA 22315**,
(Property Address)
the real property described being set forth as follows:


**AS SET FORTH IN THE DEED OF TRUST**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **July 18, 2017**, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. **$1,036,153.12**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. **$150,653.12** of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$885,500.00**. Interest at the rate of **5.500%** will begin to accrue on the Interest Bearing Principal Balance as of **June 1, 2017** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **July 1, 2017**. The new Maturity Date will be **June 1, 2047**. Borrower's payment schedule for the modified Loan is as follows:

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Virginia        Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8869 08/14                                                                                   *(page 1 of 5)*

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-30 | 5.500% | June 01, 2017 | $4,567.15 | $910.67 May adjust periodically | $5,477.82 May adjust periodically | July 01, 2017 | 360 |

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument

shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

7. Notwithstanding anything to the contrary contained in this Agreement, if a discharge has been granted, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

8. This Agreement modifies an obligation secured by an existing security instrument recorded in FAIRFAX County, VA, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $944,907.32. The principal balance secured by the existing security instrument as a result of this Agreement is $1,036,153.12, which amount represents the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
DARRALL A GRIFFIN -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Virginia

County of _Fairfax_

The foregoing instrument was acknowledged before me, this 12th day of September, 2017.

by _Darral A. Griffin_

_____
(Signature of person taking acknowledgment)

_Notary_
(Title or rank)

_7502403_
(Serial number, If any)

My commission expires the 30th day of September, 2020.

Origination Company: **Rushmore Loan Management Services LLC**
NMLSR ID: **185729**

[Notary seal: ABEL ANGEL SANDOVAL, COMMONWEALTH OF VIRGINIA, REG. NO. 7502403 EXP. 09-30-2020, NOTARY PUBLIC]

**Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature
_____ [Space Below This Line For Acknowledgments] _____

State of _____

County of _____

The foregoing instrument was acknowledged before me on
_____

by _____, the _____ of
_____
.

_____
(Signature of person taking acknowledgment)

_____
(Title or rank)

_____
(Serial number, If any)

My commission expires the _____ day of _____, _____

Loan No: 393

# BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT
## (Due to Amortization)

DARRALL A GRIFFIN
5672 TOWER HILL CIRCLE
ALEXANDRIA, VA 22315

THIS BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT (the "Balloon Addendum") is made this **18th** day of **July, 2017**, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement (the "Modification Agreement" together, the "Agreements") entered into by the undersigned ("Borrower"), in favor of Owner, by and through **Rushmore Loan Management Services LLC**, as current servicer and agent ("Lender"). The Agreements amend and supplement (1) the Mortgage, Deed of Trust or Security Deed and any applicable Riders (the "Security Agreement"), and (2) the Note bearing the same date as, and secured by, the Security Agreement.

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Modification Agreement, Borrower and Lender further covenant and agree as follows:

The monthly payment of Principal and Interest listed in the Loan Modification Agreement is the payment necessary to amortize **$885,500.00 over 480 months, with payments to be made over 360 months**. If you make the required principal and interest payments only you will have a balloon payment due at maturity. As of **June 1, 2047**, if you still owe amounts under this agreement you must repay these amounts in full on that date.

The Agreements only modify the Security Agreement and Note in regard to the provisions addressed. All other terms and conditions of the Security Agreement and Note remain in full force and effect.

BY SIGNING BELOW, Lender and Borrower accept and agree to the terms and provisions contained in this Balloon Addendum.

_____ (Seal)
DARRALL A GRIFFIN  -Borrower

## ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: ███ 393

FHA/VA Case Number:

Borrower(s):  **DARRALL A GRIFFIN**

Property Address:  **5672 TOWER HILL CIRCLE, ALEXANDRIA, VA 22315**

Servicer:  **Rushmore Loan Management Services LLC**

The undersigned Borrower(s) for and in consideration of the above-referenced Servicer modifying the terms of your mortgage loan, agrees that if requested by your Servicer, to fully cooperate and adjust for clerical errors, any or all loan modification documentation deemed necessary or desirable in the reasonable discretion of Servicer to enable Servicer to sell, convey, seek guaranty or market said loan to any entity, including but not limited to an investor, Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Department of Housing and Urban Development, or the Department of Veterans Affairs, or any Municipal Bonding Authority.

I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

The undersigned Borrower(s) agree(s) to comply with all above noted requests by the above-referenced Servicer within 15 days from date of mailing of said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above noted time period.

The undersigned Borrower(s) do hereby so agree and covenant in order to assure that this loan modification documentation executed this date will conform and be acceptable in the marketplace in the instance of transfer, sale or conveyance by Servicer of its interest in and to said loan modification documentation, and to assure marketable title in the said Borrower(s).

DATED this **18th** day of **July, 2017**.

_____ (Seal)
**DARRALL A GRIFFIN**  -Borrower


Mortgage Cadence Document Center © 9572 08/13


Errors and Omissions/Compliance Agreement

Loan No: ████393

# BALLOON WITH TIERED PRINCIPAL REDUCTION
# ADDENDUM TO LOAN MODIFICATION AGREEMENT

DARRALL A GRIFFIN
5672 TOWER HILL CIRCLE
ALEXANDRIA, VA 22315

THIS BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT (the "Balloon Addendum") is made this **18th day of July, 2017**, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement (the "Modification Agreement" together, the "Agreements") entered into by the undersigned ("Borrower"), in favor of Owner, by and through **Rushmore Loan Management Services LLC**, as current servicer and agent for owner ("Lender"). The Agreements amend and supplement (1) the Mortgage, Deed of Trust or Security Deed and any applicable Riders (the "Security Agreement"), and (2) the Note bearing the same date as, and secured by, the Security Agreement.

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Modification Agreement, Borrower and Lender further covenant and agree as follows:

1. **DEFERRAL OF PRINCIPAL. $150,653.12** of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and will be treated as non-interest bearing principal forbearance. You will not pay interest or make monthly payments on the Deferred Principal Balance. This portion of principal will be due and payable on the earliest of (a) the date the borrower sells or transfers an interest in the property, (b) the date the borrower pays the entire Interest Bearing Principal Balance, or (c) the maturity date of **June 1, 2047**.

2. **PRINCIPAL REDUCTION ALTERNATIVE.**

   a) In Addition, **fifty percent (50%)** of the Deferred Principal Balance is eligible for forgiveness (the "Deferred Principal Reduction Amount"). Provided you are not in default on your new payments, such that the equivalent of any one full monthly payment is due and unpaid on the last day of any month, Lender shall reduce the Deferred Principal Balance of your Note in installments equal to: **thirty percent (30.00%)** after month 12, **ten percent (10.00%)** after month 18, and the remaining **ten percent (10.00%)** after month 24. Application of the Deferred Principal Reduction Amount will not result in a new payment schedule.

   b) You will lose this benefit if your modified loan loses good standing, which means that the equivalent of one full monthly payment is due and unpaid on the last day of any month, at any time during this two-year period, including all accrued and unapplied amounts, even if the mortgage loan is later brought current. **Any principal forgiveness will be reported to the Internal Revenue Service and may have tax consequences. Therefore, you are advised to seek guidance from a tax professional. Please contact us at 1-888-504-6700 if you do not want principal forgiveness, we may have other modification options for you.**

3. The payment of Principal and Interest listed in Paragraph 2 of the Modification Agreement is the payment necessary to amortize **$885,500.00**, which is the portion of the Unpaid Principal Balance not affected by the adjustments described in Paragraphs 1 and 2 of this Balloon Addendum.

The Agreements only modify the Security Agreement and Note in regard to the provisions addressed. All other terms and conditions of the Security Agreement and Note remain in full force and effect.

Mortgage Cadence Document Center © 10062 01/15        1 of 2

BY SIGNING BELOW, Lender and Borrower accept and agree to the terms and provisions contained in this Balloon Addendum.

_____ (Seal)
**DARRALL A GRIFFIN**  -Borrower

**Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature

Mortgage Cadence Document Center © 10062 01/15          2 of 2