IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>Darrall A. Griffin,<br><br>Debtor. | Case No. 16-13433-BFK<br><br>Chapter 11 |

## U.S. TRUSTEE'S MOTION TO DISMISS CHAPTER 11 CASE

Matthew W. Cheney, Acting United States Trustee for Region 4, by counsel, moves this Court to dismiss the above-captioned case.

In support of this motion the following representations are made:

1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3. On October 9, 2016, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. Doc. No. 1.

4. On May 23, 2018, this Court entered an Order Confirming Chapter 11 Plan of Reorganization. Doc. No. 102.

5. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

Michael T. Freeman
Asst. United States Trustee
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7274- Direct Dial
(202) 934-4174- Office Cell
michael.t.freeman@usdoj.gov

6.     The Debtor has failed to file quarterly post-confirmation reports for the third and fourth quarters of 2024, and the first, second and third quarters of 2025.

7.     Although the Debtor is current on quarterly fees, there could be amounts due based on the disbursement amounts listed in the delinquent post-confirmation reports mentioned above.

### Argument

Section 1112 of the Bankruptcy Code governs conversion or dismissal of Chapter 11 cases. Section 1112(b)(1) provides in relevant part: "on request of a party in interest, and after notice and a hearing, …the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate", if the movant establishes cause.  11 U.S.C. § 1112(b)(1).  Once a movant has established cause, the Court must exercise its discretion to determine which action – conversion or dismissal – best suits the circumstances of the case. *Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.*), 14 F.3d 240, 242 (4th Cir. 1994). *See also In re Sydnor*, 431 B.R. 584, 590 (Bankr. D. Md. 2010) (After cause is established, the "court must dismiss the case or convert the case . . . or appoint a Chapter 11 Trustee," whichever course of action is in the best interest of creditors and the estate). *Accord In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 711 (Bankr. D. Md. 2011).

Furthermore, "cause" has now been expressly defined under the post-BAPCPA provisions of the Bankruptcy Code, to include, among other things: "(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter"; and "(K) failure to pay any fees or charges required under chapter 123 of title 28." 11 U.S.C. §§1112(b)(4)(F) and (K).

Pursuant to Section 1930(a)(6) of title 28, United States Code, the Debtors are required to pay the United States Trustee a quarterly fee "until the case is converted or dismissed, whichever

2

occurs first." This fee is determined under a sliding scale based upon quarterly disbursements. The "term 'disbursements' includes payments made by a reorganized debtor during the post-confirmation period." *In re Celebrity Home Entertainment, Inc.,* 210 F.3d 995, 997 (9th Cir. 2000). *Accord, In re Barbetta, LLC,* No. 11-04370-8-SWH, 2014 WL 3638853 at *3 (Bankr. E.D.N.C. July 23, 2014); *In re Quality Truck & Diesel Injection Service, Inc.,* 251 B.R. 682, 683 (S.D.W.Va. 2000); *In re Sgaverdea,* 377 B.R. 308, 310 (Bankr. D.N.M. 2007); and *In re A.H. Robins Co., Inc.,* 219 B.R. 145, 151 (Bankr. E.D. Va. 1998).

Pursuant to Fed. Rule. Bankr. Proc. 2015(a)(3), (5) and (6), the debtor in possession has a duty to file monthly reports as to the fees which have been paid and any disbursements along with those reports and summaries required under 11 U.S.C. § 704(a)(8). The debtor in possession also has a duty to file periodic financial and other reports regarding its business pursuant to 11 U.S.C. § 308.

Further, under Local Rule 2015-(a)-1, the debtor in possession must file reports, summaries and operating reports until the case is converted, dismissed or a final decree has been entered by the Court.

Lastly, in accordance with 28 CFR §§ 58.8(f) and (g), and pursuant to the Amended Chapter 11 Plan filed on March 12, 2018 at Docket Entry 79, and the confirmation order entered by this Court on May 23, 2018 at Docket Entry 102, the Debtor has an obligation to file quarterly reports for all post-confirmation disbursements no later than the 21st day following the last day of the reporting quarter. This obligation remains in place until (a) the date of the final decree, (2) the case is converted to a case under another chapter or (c) the case is dismissed. Failure to file these reports is grounds for dismissal of the case under 11 U.S.C. § 1112(b)(4)(F). In the instant case,

3

the Debtor has failed to file post-confirmation quarterly reports for the third and fourth quarters of 2024, and the first, second and third quarters of 2025, which constitutes grounds for dismissal.

Although the Debtor is current on quarterly fees, there could be amounts due based on the disbursement amounts listed in the delinquent post-confirmation reports mentioned above.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that dismissal of this case in not in the best interest of creditors and the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order dismissing this case.

Date: December 8, 2025                                         MATTHEW W. CHENEY
                                                               Acting United States Trustee, Region 4


                                                               By: */s/ Michael T. Freeman*
                                                               Michael T. Freeman
                                                               Va. Bar No. 65460
                                                               Asst. United States Trustee
                                                               Office of the United States Trustee
                                                               1725 Duke Street, Suite 650
                                                               Alexandria, VA 22314
                                                               (703) 557-7274- Direct Dial
                                                               (202) 934-4174- Office Cell
                                                               Michael.T.Freeman@usdoj.gov

**Certificate of Service**

      I hereby certify that on December 8, 2025, I electronically filed the foregoing motion with the Clerk of the Court and transmitted a true and correct copy of said document electronically through the electronic case filing system or by first class United States mail, postage prepaid to the following:

Darrall A. Griffin
5672 Tower Hill Circle
Alexandria, VA 22315

Sheri Stein Charlse scharlse@raslg.com, scharlse@raslg.com

Matthew W. Cheney ustpregion04.ax.ecf@usdoj.gov

Daniel Kevin Eisenhauer ANHSOrlans@InfoEx.com, ecfaccount@orlans.com

Jack Frankel jack.i.frankel@usdoj.gov, USTPRegion04.ax.ecf@usdoj.gov;Robert.W.Ours@usdoj.gov

Brian K Jordan bkecfinbox@aldridgepite.com, bjordan@ecf.inforuptcy.com

Mark David Meyer bankruptcy@rosenberg-assoc.com

Johnie Rush Muncy jmuncy@siwpc.com, dsasser@siwpc.com; ewhite@siwpc.com; bkreferrals@siwpc.com;siwbkecf@siwpc.com;siwpc@ecf.courtdrive.com;siwattecf@siwpc.com

Daniel M. Press dpress@chung-press.com, pressdm@gmail.com;danpress@recap.email

D. Carol Sasser dsasser@siwpc.com, ewhite@siwpc.com; jmuncy@siwpc.com; bkreferrals@siwpc.com;siwbkecf@siwpc.com;siwpc@ecf.courtdrive.com;siwattecf@siwpc.com

Barry W. Spear Barry.Spear@bww-law.com, bankruptcy@bww-law.com

Trenita Jackson Stewart tstewart@raslg.com, tstewart@lha-law.com

Gilbert R Yabes bkecfinbox@aldridgepite.com, GRY@ecf.inforuptcy.com


                                           */s/ Robert W. Ours*
                                           Robert W. Ours
                                           Paralegal Specialist